OPINION
{¶ 1} Defendant-appellant, Kevin Dewayne Townsend, was tried and convicted by a jury of attempted murder with a firearm specification, a violation of R.C. 2923.02 as it relates to R.C. 2903.02; felonious assault with a firearm specification, a violation of R.C. 2903.11; and having a weapon while under disability, a violation of R.C. 2923.13. For the reasons that follow, we affirm.
 {¶ 2} On October 21, 2001, Kenneth Ruffin joined his cousin Wesley Daniels and his friend Carl Giddens at the C S Lounge to socialize. The three men met Shoneika Anderson and Latoya Bates at the lounge. When the lounge closed at 2:00 a.m., the group decided to go to an after-hours party, but no one knew where the party was being held. In order to get directions, the group drove in two separate cars to 531 Oakwood Avenue, to talk to "Jason," who they believed knew the location of the party.
 {¶ 3} Once at 531 Oakwood Avenue, Wesley Daniels left Kevin Ruffin's car and went into the apartment to look for Jason. Shoneika Anderson and Latoya Bates waited in Anderson's car, which was stopped behind Ruffin's car on Oakwood Avenue. When Daniels did not promptly return to Ruffin's car, Ruffin left his car to find Daniels. While Daniels and Ruffin were outside of the apartment building talking to some people they knew, defendant approached them and asked them to quiet down. Shortly thereafter, defendant again approached Ruffin, complained about the noise, and shot at Ruffin six times. Ruffin, who was hit in the chest, arm, back, right leg and right buttocks, ran across the street, where he was treated by paramedics and then transported to the hospital.
 {¶ 4} On November 21, 2001, defendant was indicted for three counts: attempted murder with a firearm specification; felonious assault with a firearm specification; and having a weapon while under disability. A jury convicted defendant on all counts on February 14, 2002. After the trial court sentenced defendant to a total of 14 years imprisonment, defendant filed an appeal in this court.
 {¶ 5} On appeal, defendant assigns the following error:
 {¶ 6} "Appellant's convictions are against the manifest weight of the evidence."
 {¶ 7} When presented with a challenge to the manifest weight of the evidence, an appellate court, after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompson (1997), 78 Ohio St.3d 380, 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "exceptional case in which the evidence weighs heavily against the conviction." Id.
 {¶ 8} A defendant is not entitled to a reversal on manifest weight grounds merely because inconsistent evidence was presented at trial. State v. Raver (Mar. 4, 2003), Franklin App. No. 02AP-604, 2003-Ohio-958, ¶ 21. The jury as factfinder is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v. Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v. Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. Consequently, although an appellate court must act as "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the jury's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28; State v. Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-449, at ¶ 74.
 {¶ 9} By his only assignment of error, defendant argues that the jury's verdict is against the manifest weight of the evidence because the witnesses' testimony identifying defendant as the shooter was inconsistent.
 {¶ 10} At trial, three witnesses testified that defendant, also known as "Ace," was the person who shot Ruffin. First, Ruffin testified that he identified defendant as the shooter from a police photographic array on October 26, 2001, five days after he was shot. Ruffin also identified defendant in court. During his testimony, Ruffin stated that he had seen defendant in the Oakwood Avenue area before, and recognized defendant when defendant shot him.
 {¶ 11} Second, Shoneika Anderson also identified defendant from a police photographic array and in court. At the time of the shooting, Anderson was sitting in the driver's seat of her car and Ruffin was standing in front of her car. Anderson testified that she got "a good look" at the defendant when he looked into her car after the shooting. Anderson also testified that, on the night of the shooting, defendant wore dark-colored jeans, a dark blue jean jacket and a stocking cap.
 {¶ 12} Third, Daniels testified that he identified defendant from a police photographic array. Like Ruffin, Daniels recognized defendant as a person who lived in the Oakwood Avenue area. Further, during the portion of Daniels' 911 telephone call admitted into evidence, Daniels identified the person who shot Ruffin as "Ace" and told the dispatcher that "Ace" was wearing a leather jacket and skull cap.
 {¶ 13} To rebut the testimony of these three witnesses, defendant points to the testimony of Latoya Bates and Cavell Bennett. Bates was sitting in Anderson's car at the time of the shooting, and she testified that she did not get a good look at the shooter and could not identify him. In the portion of her 911 telephone call admitted into evidence, Bates stated that the shooter was wearing a black leather jacket and skull cap. Cavell Bennett testified that he saw a man he described as "dark skin[ed], tall, between six-three, six-four, with braids" arguing with Ruffin the night of the shooting. However, Bennett testified that he did not see the shooting and, thus, he could not identify the shooter.
 {¶ 14} Our review of the evidence shows that neither Bates' nor Bennett's testimony is inconsistent with the identification of defendant as the person who shot Ruffin. Both Bates and Bennett testified that they could not identify the shooter, not that a person other than defendant shot Ruffin. Further, although Anderson, Daniels and Bates described the shooter as wearing somewhat different clothing, these inconsistencies do not warrant reversal on manifest weight of the evidence grounds. Consequently, we conclude that this case is not one of those exceptional cases in which the jury lost its way, thus requiring reversal on manifest weight grounds.
 {¶ 15} For the foregoing reasons, we overrule appellant's assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and LAZARUS, JJ., concur.